**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| JENNIFER ROTH, *on behalf of herself and others similarly situated*, | Civil No. 16-2476 (JRT) |
| Plaintiff, | **ORDER** |
| v. | |
| LIFE TIME FITNESS, INC., LTF CLUB OPERATIONS COMPANY, INC., LTF CLUB MANAGEMENT COMPANY, LLC, and LTF YOGA COMPANY, LLC | |
| Defendants. | |

Daniel R. Karon, **KARON LLC**, 700 W. Saint Claire Avenue, Suite 200, Cleveland, OH 44113, and Garrett D. Blanchfield, Jr., **REINHARDT WENDORF & BLANCHFIELD**, W1050 First National Bank Building, 332 Minnesota Street, Saint Paul, MN 55101, for plaintiff.

Elizabeth S. Gerling, **JACKSON LEWIS P.C.**, 150 South Fifth Street, Suite 3500, Minneapolis, MN 55402, for defendants.

This matter came before the Court on two motions by Plaintiff Jennifer Roth. First, Roth moved for final approval of settlement, certification of class, and appointment of class representative and class counsel. (Mot. for Approval, Jan. 18, 2019, Docket No. 71.) Next, Roth moved for attorneys' fees, expenses, and class representative award. (Mot. for Attorney Fees, Jan. 18, 2019, Docket No. 77.) Because the Court will find that certification

of the class is appropriate, and that the requested attorneys' fees, expenses, and class representative award are reasonable, the Court will grant both motions.

Roth brought this action on behalf of herself and all others similarly situated against Defendants Life Time Fitness, Inc., LTF Club Operations Company, Inc., LTF Club Management Company, LLC, and LTF Yoga Company, LLC (collectively "Life Time" or "Defendants") for violating the Ohio Prompt Pay Act or, alternatively, for unjust enrichment. (2d Am. Compl. ¶¶ 26-34, Sept. 21, 2018, Docket No. 61.) Roth alleged that Life Time failed to compensate group fitness instructors for work done before and after they taught fitness classes. (*Id.* ¶¶ 10-18.)

On October 24, 2018, the Court entered an Order granting preliminary approval of the proposed class Settlement. (Preliminary Approval Order at 1, Oct. 24, 2018, Docket No. 69.) The Order preliminarily certified a class for settlement purposes under Federal Rule of Civil Procedure 23(b)(3), preliminarily approved the terms of the settlement, and approved notice to the Rule 23 Settlement Class. (*See generally id.*)

Roth's attorneys, through a class-action administration company called Simpluris, Inc., sent claim packets to all Class Members, which included the court-approved notice and instructions on how to file a claim. (*See* Decl. of Garrett D. Blanchfield ¶ 2; Ex. A at 12, Sept. 21, 2018, Docket No. 64-1.) For Class Members who did not file a claim within 21 days, Simpluris phoned them. (Decl. of Jeremiah Kincannon ¶ 7, Jan. 18, 2019, Docket No. 75.) Of the 283 mailers that were sent out, 100 class members submitted claims, only one Class Member opted out, and no Class Member objected to the settlement. (*Id.* ¶ 8.) Total claims amounted to $115,681.10. (*Id.* ¶ 9.)

Collectively, Roth's counsel worked on this case for a total of 2224.57 hours.[1] Life Time's counsel spent 871.8 hours on this case. (Decl. of Eric R. Magnus ¶ 3, Feb. 15, 2019, Docket No. 90.) Roth's counsel's rates are summarized in the table below.

| Firm | Partner Rate (average) | Associate Rate (average) | Paralegal Rate |
|---|---|---|---|
| Karon LLC | $696 | $457 | N/A |
| Shindler, Anderson, Goplerud & Weese, P.C. | $600 | $280 | N/A |
| RoscaLaw LLC | $700 | $300 | N/A |
| Reinhardt Wendorf & Blanchfield | $730 | $439 | $250 |

(Karon Second at 3; Goplerud Decl. at 3; Rosca Decl. at 4; Blanchfield 2d at 3-4.)

Plaintiff now seeks judicial approval of the class settlement, appointment of class representative and counsel, attorneys' fees, reimbursement for expenses, and a class representative service award.

## DISCUSSION

### I. CLASS ACTION SETTLEMENT

On October 24, 2018, this Court preliminarily approved the Class Settlement Agreement. (Preliminary Approval Order.) Now, Plaintiffs move for final approval.

---

[1] (*See* 2d Decl. of Daniel R. Karon ("Karon 2d") ¶ 3, Jan. 18, 2019, Docket No. 83; Decl. of J. Barton Goplerud ("Goplerud Decl.") ¶ 3, Jan. 18, 2019, Docket No. 84; Decl. of Alan Rosca ("Rosca Decl.") ¶ 3, Jan. 18, 2019, Docket No. 85; Decl. of Garrett D. Blanchfield ("Blanchfield 2d") ¶ 3, Jan. 18, 2019, Docket No. 86.)

Under Federal Rule of Civil Procedure 23 the Court finds that certification of a class is appropriate and hereby certifies the class as set forth in Paragraph 3 of the Preliminary Approval Order.

The Court further finds that the transmission of Notice of Proposed Class Action Settlement by U.S. mail was appropriate in the circumstances of this case and that such notice satisfied the requirements of due process and Rule 23.

The Court appoints Karon LLC, Shindler, Anderson, Goplerud & Weese, P.C. RoscaLaw LLC, and Reinhardt Wendorf & Blanchfield as Joint Settlement Class Counsel. The Court appoints Jennifer Roth as Class Representative.

Finally, the Court finds that the settlement is fair, adequate, and reasonable, and hereby approves the Class Settlement Agreement submitted by the parties. This includes the creation of Settlement Fund by Defendants in the amount of $725,000. The first portion of the Settlement Fund is a Class Member Fund of up to $276,743.40 to be distributed to Settlement Class Members. The Class Member Fund is comprised of (1) up to $269,243.40 allocable to eligible Settlement Class Members who timely file a claim and (2) $7,500 allocable to Jennifer Roth, the named plaintiff, as a service award. The second portion of the Settlement Fund is a Fees and Costs Fund of up to $448,256.60 for payment of attorneys' fees and costs and claims administration expense.

## II. ATTORNEYS' FEES

Roth also seeks $428,004.81 in attorneys' fees. In determining a reasonable award of attorneys' fees, the Court begins with the "lodestar" amount, obtained by calculating

"the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 437. "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Hanig v. Lee,* 415 F.3d 822, 825 (8th Cir. 2005). The Court must also consider "the [party]'s overall success; the necessity and usefulness of the [party]'s activity in the particular matter for which fees are requested; and the efficiency with which the [party]'s attorneys conducted that activity." *Jenkins ex rel. Jenkins v. Missouri,* 127 F.3d 709, 718 (8th Cir. 1997). The Court must exclude claimed hours that are not "reasonably expended," such as hours that are "excessive, redundant, or otherwise unnecessary." *Hensley,* 461 U.S. at 434. "The most critical factor in assessing fees is the degree of success obtained." *Jenkins ex rel. Jenkins,* 127 F.3d at 716; *Fish v. St. Cloud State Univ.,* 295 F.3d 849, 852 (8th Cir. 2002).

The Court finds that Roth's level of success warrants an award of attorneys' fees. Although the settlement is only for two of Roth's original twenty-three claims, Roth's success on those claims serves a public good. Furthermore, the attorney's fees request was reduced from a total lodestar over $1,000,000 to roughly a third of total lodestar. The Court finds that this adequately represents the degree of success Roth achieved.

The Court further finds that the number of hours worked and the fees incurred were reasonable. Although Roth's attorneys expended significantly more hours than Defendant's attorneys, the Court finds the hours reasonable. Roth's attorneys state that

they excluded hours worked on Roth's multi-state claims, and whatever multi-state claims hours remain have been heavily discounted. Lastly, the fees charged by Roth's attorneys are within reasonable ranges for similar work. *Austin v. Metro. Council*, Civ. No. 11-3621 (D. Minn. Mar. 27, 2012) (stating that a rate of $500 per hour is at the low end of complex class action rates); *Yarrington v. Solvay Pharms., Inc.*, 697 F. Supp. 2d 1057 (D. Minn. 2010) (approving partner rates up to $850 per hour and associate rates up to $410 per hour). Thus, the Court will grant Roth's motion for attorneys' fees in the full amount requested of $428,004.81.

## III. EXPENSES AND CLASS REPRESENTATIVE AWARD

Roth seeks $20,251.79 in expenses, and $7,500 in class representative award. The Court will grant Roth's motion.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Final Approval of Class Settlement [Docket No. 71] is **GRANTED**.

2. Plaintiff's motion for Attorney Fees, Expenses, and Class Representative Award [Docket No. 77] is **GRANTED**.

3. Within 30 days of the entry of this Order, the Settlement Administrator shall calculate and pay via check from the Settlement Fund each Class Member who timely submitted a valid claim based on the number of weeks they taught

group fitness classes for Defendants in Ohio between August 1, 2013 to August 1, 2015. Any funds that remain in the Settlement Fund after distributions shall remain in Defendants' possession.

4. Upon creation of the Settlement Fund, the Settlement Administrator is authorized and directed to make disbursements as follows:

   a. The Settlement Administrator shall pay to Plaintiff $7,500.00, such amount representing an incentive awards for her service as class representative, from the Class Member Fund. Such payment shall be made payable to the order of Karon LLC and delivered to Plaintiff's counsel Daniel Karon.

   b. The Settlement Administrator shall pay to Class Counsel the sum of $428,004.81 (representing the Court's award of attorneys' fees) plus $20,251.79 (representing reimbursement of expenses) from the Fees and Costs Fund. Such payments are to be made by issuance of a single check in the amount of $448,256.60 made payable to the order of Karon LLC and delivered to Plaintiff's counsel Daniel Karon.

5. If there are sufficient funds available in the Fees and Costs Fund after the Court's award of attorneys' fees and costs, Defendants will pay for claims administration expense from the Fees and Costs Fund; if there are not, then Defendants will separately pay the claims administration expense.

6. All claims in this case are hereby dismissed with prejudice and all Class Members are hereby enjoined from prosecuting settled claims.

7. The Court retains jurisdiction over the interpretation, enforcement, and implementation of the Class Settlement Agreement and of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: July 22, 2019  _____s/John R. Tunheim_____
at Minneapolis, Minnesota.  JOHN R. TUNHEIM
Chief Judge
United States District Court